FILED

NOT FOR PUBLICATION

JUL 03 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50115 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00879-DSF-1 |
| v. | |
| OLUFEMI KAREEM KOTUN, AKA G.S., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted June 6, 2012
Pasadena, California

Before:    **KOZINSKI**, Chief Judge, **TROTT** and **THOMAS**, Circuit Judges.

**1.** Federal law prohibits taking bank property "by force and violence, or by intimidation, . . . from the person or presence of another." 18 U.S.C. § 2113(a). The district court's response to Jury Note Number 3 tracks this language, but Kotun claims it misstates the law because it allows conviction "even if the person from whom the money is taken is a co-conspirator." But section 2113(a) prohibits

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

taking property by force from "another," a term broad enough to include a co-conspirator. See United States v. Vought, 69 F.3d 1498, 1502 (9th Cir. 1995) (co-conspirators can be victims, justifying enhancement under Sentencing Guidelines § 3A1.3).

**2.** The testimony Kotun challenges was probative of the witnesses' credibility on a key issue at trial and carried little risk of unfair prejudice. This isn't "the rare exception when a district court's decision to admit evidence under Rule 403 constitutes plain error." United States v. Rizk, 660 F.3d 1125, 1132 (9th Cir. 2011) (internal quotation marks omitted). For the same reasons, the district court didn't abuse its discretion in rejecting Kotun's prosecutorial misconduct claim. See United States v. Del Toro-Barboza, 673 F.3d 1136, 1150 (9th Cir. 2012).

**3.** Kotun claims the district court procedurally erred at sentencing by failing to consider mitigating evidence he presented. The record shows that the court considered Kotun's evidence but didn't find it "particularly mitigating." As Kotun concedes, the court "was free to say that it wasn't swayed by the information that the defense had presented."

Kotun also claims the district court erred by giving him a longer sentence than it gave Randall, his co-conspirator. The court was required to consider "the

need to avoid unwarranted sentence disparities" between similarly situated defendants. 18 U.S.C. § 3553(a)(6). But Randall pleaded guilty and testified against Kotun, so they weren't similarly situated for sentencing purposes. Moreover, "Congress's primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing . . . ," United States v. Saeteurn, 504 F.3d 1175, 1181 (9th Cir. 2007) (emphasis added and internal quotation marks omitted), so the district court didn't err by considering the sentences imposed on similarly situated defendants nationwide.

Nor did the district court abuse its discretion by imposing a sentence greater than the national means and median cited by Kotun. The court imposed a sentence at the bottom of the applicable Sentencing Guidelines range. "'[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Sentencing Guidelines ranges. Since the district judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities.'" United States v. Treadwell, 593 F.3d 990, 1011 (9th Cir. 2010) (alteration in original) (quoting Gall v. United States, 552 U.S. 38, 54 (2007)).

**AFFIRMED.**